IN RE DISQUALIFICATION OF CHARACTER.

THE STATE OF OHIO *v.* MAYS.

THE STATE OF OHIO *v.* MAYS ET AL.

[Cite as *In re Disqualification of Character* (1993), 74 Ohio St.3d 1246.]

(No. 93–AP–012—Decided October 21, 1993.)

MOYER, C.J. The affidavit of disqualification herein was filed by Stephanie Tubbs Jones, Cuyahoga County Prosecuting Attorney, contending that Judge Carl J. Character is disqualified from continuing to preside in the above-captioned cases.

Defendant David W. Mays III has cases pending, charging him with grand theft and welfare fraud. Mays earlier was charged with attempted aggravated murder. Following a jury trial before Judge Character, Mays was acquitted of that charge in October 1992.

The affidavit to disqualify Judge Character from the two pending cases is based upon a government informant's accusation that Judge Character accepted

money to influence the outcome of the attempted aggravated murder case. Affiant states this allegation currently is being investigated jointly by her office and the Federal Bureau of Investigation.

In his response, Judge Character denies the accusations made against him. He also points out that affiant has made no allegation of any impropriety by him in any of the proceedings involving Mays, including the case tried before Judge Character in 1992. Judge Character emphasizes that the bribe is alleged to have occurred in the summer of 1990, more than one year before the secret indictment against Mays was unsealed and Judge Character was selected, by random assignment, to preside in the attempted aggravated murder case.

Affiant states that the Supreme Court has been provided information that "establishes at this juncture a threshold basis for determining that the State's investigation of these allegations should proceed." That is not, however, a standard by which the request to disqualify Judge Character should or will be judged; the decision in this matter is not based upon the eventual outcome of the investigation that is supposedly under way. Rather, the test is whether the record supports a finding that Judge Character's impartiality has been put into question to the extent that his disqualification is necessary to avoid an appearance of prejudice or partiality and to ensure the public's confidence in the integrity of the judicial system. *In re Disqualification of Nugent* (1987), 47 Ohio St.3d 601, 546 N.E.2d 927; *In re Disqualification of Nadel* (1989), 47 Ohio St.3d 604, 546 N.E.2d 926.

For the reasons that follow, the affidavit is dismissed:

1. The accusation made against Judge Character is, without question, a most serious one that strikes at the very heart of the judicial system. However, it is only that, an accusation, made by a government informant who is a convicted felon. The accusation is that Judge Character accepted money before defendant Mays was secretly indicted and more than one year before the secret indictment was unsealed.

2. Judge Character was selected from thirty-four common pleas judges in the random selection process to try the charges against Dr. Mays in case No. CR 259664, *State v. David W. Mays III* (attempted aggravated murder), and the two pending cases.

3. The prosecutor does not allege any irregularity in the assignment to Judge Character of the three cases in question.

4. Judge Character has represented to the court that he advised counsel prior to the trial in case No. CR 259664 that if defendant Mays waived a jury trial, he, Judge Character, would recuse himself from trying the case.

5. Judge Character has represented to the court that he overruled a defense motion for acquittal in case No. CR 259664.

6. No allegations have been made by the prosecutor that any irregularity occurred in Judge Character's disposition of case No. CR 259664.

7. The information received by the Federal Drug Enforcement Administration was not given to the Cuyahoga County Prosecutor's Office until two years after it had been received, and one day after Mays' acquittal of the attempted aggravated murder charge.

8. The prosecutor's office has had nearly one year to complete its investigation since receiving information from the Federal Drug Enforcement Administration of the alleged bribe of Judge Character. By supplemental affidavits, the prosecutor filed sealed evidence which I have carefully reviewed and which does not implicate Judge Character in the manner alleged by the prosecutor.

Based on the record before me and the applicable law, there is insufficient evidence to support a finding that the disqualification of Judge Character is necessary to avoid an appearance of prejudice or partiality, or that the public's confidence in the integrity of the judicial system will be diminished if he continues to preside in these cases.

For these reasons, the affidavit of disqualification is found not well taken and is denied, and Judge Carl J. Character shall continue to preside in the above-captioned cases.

Affiant filed two motions to submit supplemental affidavits under seal, stating that information contained in the affidavits and exhibits attached to the affidavits is being used in the investigation being conducted by her office. Because of the assertion made by the prosecutor of the need for confidentiality of these materials, it is ordered that the supplemental affidavits and exhibits shall remain under seal for a period of six months from the date of this entry.